1 **LAQUER, URBAN, CLIFFORD & HODGE LLP**
J. Paul Moorhead, State Bar #240029
2    Email: moorhead@luch.com
225 South Lake Avenue, Suite 200
3 Pasadena, California 91101-3030
Telephone: (626) 449-1882
4 Facsimile: (626) 449-1958

5
Counsel for Plaintiffs, Trustees of the Southern California
6 IBEW-NECA Pension Plan, et al.

7

8 **UNITED STATES DISTRICT COURT**

9 **CENTRAL DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11 TRUSTEES OF THE SOUTHERN CALIFORNIA IBEW-NECA PENSION PLAN; TRUSTEES OF THE SOUTHERN CALIFORNIA IBEW-NECA DEFINED CONTRIBUTION TRUST FUND; TRUSTEES OF THE SOUTHERN CALIFORNIA IBEW-NECA HEALTH TRUST FUND; TRUSTEES OF THE SOUTHERN CALIFORNIA IBEW-NECA SUPPLEMENTAL UNEMPLOYMENT BENEFIT TRUST FUND; TRUSTEES OF THE LOS ANGELES COUNTY ELECTRICAL EDUCATIONAL AND TRAINING TRUST FUND; TRUSTEES OF THE NATIONAL ELECTRICAL BENEFIT FUND; TRUSTEES OF THE SOUTHERN CALIFORNIA IBEW-NECA LABOR-MANAGEMENT COOPERATION COMMITTEE; TRUSTEES OF THE NECA-IBEW NATIONAL LABOR-MANAGEMENT COOPERATION COMMITTEE TRUST FUND; NATIONAL ELECTRICAL INDUSTRY FUND; and LOS ANGELES ELECTRICAL WORKERS CREDIT UNION,<br><br>     Plaintiffs,<br><br>  vs.<br><br>SAGE ELECTRIC COMPANY, a California corporation,<br><br>     Defendant. | Case No. 2:16-cv-06307<br><br>**COMPLAINT FOR:**<br><br>**1. BREACH OF WRITTEN COLLECTIVE BARGAINING AGREEMENTS, TRUST AGREEMENTS, AND SECTION 515 OF ERISA;**<br><br>**2. BREACH OF SETTLEMENT AGREEMENT** |

1076184                        1                              Complaint

1   Plaintiffs Trustees of the Southern California IBEW-NECA Pension Plan,

2   Trustees of the Southern California IBEW-NECA Defined Contribution Trust Fund,

3   Trustees of the Southern California IBEW-NECA Health Trust Fund, Trustees of the

4   Southern California IBEW-NECA Supplemental Unemployment Benefit Trust Fund,

5   Trustees of the Los Angeles County Electrical Educational and Training Trust Fund,

6   Trustees of the National Electrical Benefit Fund, Trustees of the Southern California

7   IBEW-NECA Labor-Management Cooperation Committee, Trustees of the NECA-

8   IBEW National Labor-Management Cooperation Committee Trust Fund, National

9   Electrical Industry Fund, and Los Angeles Electrical Workers Credit Union, complain

10   and allege as follows:

11   **JURISDICTION AND VENUE**

12   1.   This Court has jurisdiction of this case pursuant to section 502(e)(1) of the

13   Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C.

14   § 1132(e)(1), which grants the United States District Courts jurisdiction over civil

15   actions brought by a fiduciary pursuant to section 502(a)(3) of ERISA, 29 U.S.C.

16   § 1132(a)(3), to redress violations or enforce the terms of ERISA or an employee

17   benefit plan governed by ERISA.  Pursuant to section 502(f) of ERISA, 29 U.S.C.

18   § 1132(f), jurisdiction exists without respect to the amount in controversy or the

19   citizenship of the parties.

20   2.   This Court also has jurisdiction of this case pursuant to section 301(a) of

21   the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C.

22   § 185(a), which grants the United States original jurisdiction over suits for violation of

23   contracts between an employer and a labor organization in an industry affecting

24   commerce, without respect to the amount in controversy and the citizenship of the

25   parties.

26   ///

27   ///

28   ///

1    3.    Venue is proper in this Court pursuant to section 502(e)(2) of ERISA, 29

2    U.S.C. § 1132(e)(2), and section 301(a) of the LMRA, 29 U.S.C. § 185(a), in that this is

3    the district in which the Plaintiffs' trust funds are administered, in which the relevant

4    acts took place, and in which monies are due and payable.

5    4.    To the extent this Complaint sets forth any state law claims, this Court has

6    supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a).

7    **PARTIES**

8    5.    Plaintiffs Trustees of the Southern California IBEW-NECA Pension Plan,

9    Trustees of the Southern California IBEW-NECA Defined Contribution Trust Fund,

10   Trustees of the Southern California IBEW-NECA Health Trust Fund, Trustees of the

11   Southern California IBEW-NECA Supplemental Unemployment Benefit Trust Fund,

12   Trustees of the Los Angeles County Electrical Educational and Training Trust Fund,

13   Trustees of the National Electrical Benefit Fund ("NEBF"), Trustees of the Southern

14   California IBEW-NECA Labor-Management Cooperation Committee ("So. Cal.

15   LMCC"), and Trustees of the NECA-IBEW National Labor-Management Cooperation

16   Committee Trust Fund ("National LMCC") are the Trustees of express trusts ("Trusts")

17   created pursuant to written Declarations of Trust ("Trust Agreements").  Except for the

18   NEBF and the National LMCC, the Trust Agreements are between various chapters of

19   the International Brotherhood of Electrical Workers ("IBEW"), including Local No. 11

20   ("Local 11"), and various chapters of the National Electrical Contractors Association

21   ("NECA"), including the Los Angeles chapter ("LA NECA"), an employer association

22   in the electrical industry in Southern California.  For the NEBF and the National

23   LMCC, the Trust Agreements are between the National Union of IBEW and the

24   National NECA.  The Trusts are now, and were at all times material to this action,

25   Labor-Management multiemployer trusts created and maintained pursuant to section

26   302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), except for the So. Cal. LMCC and the

27   National LMCC, which are Trusts created and maintained pursuant to the LMRA and

28   the Labor-Management Cooperation Act of 1975.  Plaintiffs, as Trustees of the express

1   Trusts (except for the Trustees of the So. Cal. LMCC and the National LMCC), are

2   "fiduciar[ies]" with respect to the Trusts as defined in section 3(21)(A) of ERISA, 29

3   U.S.C. § 1002(21)(A).  The Trusts are administered by the Trustees of the Trusts in Los

4   Angeles County.  Plaintiff National Electrical Industry Fund is administered by NECA

5   to collect industry advancement funds pursuant to various collective bargaining

6   agreements entered into by various local unions of the IBEW and various chapters of

7   NECA.  Plaintiff Los Angeles Electrical Workers Credit Union is a state chartered

8   credit union that collects employee authorized vacation payments pursuant to collective

9   bargaining agreements entered into by Local 11.  Collectively, all Plaintiffs are referred

10  to herein as the "Plaintiffs."

11          6.      At all times material herein defendant Sage Electric Company ("Sage

12  Electric") has been a corporation organized and existing by virtue of the laws of the

13  State of California with its principal place of business located in Los Angeles County,

14  California.

15  **EXECUTION OF BARGAINING AGREEMENT AND STATUS OF PARTIES**

16          7.      Plaintiffs are informed and believe, and thereon allege, that on or about

17  September 14, 1993, Sage Electric executed and delivered to Local 11 a letter of assent

18  to the Inside Wiremen's Agreement ("Wiremen's Agreement"), a collective bargaining

19  agreement between LA NECA and Local 11.  By signing this letter of assent, Sage

20  Electric became bound by the terms and conditions of the Wiremen's Agreement.

21          8.      Plaintiffs are informed and believe, and thereon allege, that on or about

22  May 1, 2015, Sage Electric executed and delivered to Local 11 a letter of assent to the

23  IBEW 9th District Market Advancement Memorandum of Understanding ("9th District

24  MOU"), a collective bargaining agreement between various chapters of NECA and

25  various local unions of the IBEW.  By signing this letter of assent, Sage Electric became

26  bound by the terms and conditions of the 9th District MOU.  The Wiremen's Agreement

27  and 9th District MOU are referred to collectively herein as the "Master Agreements."

28  ///

9. The terms and provisions of each of the Trust Agreements are incorporated by reference into the Master Agreements. At all times relevant to this action, Sage Electric has been bound to the Master Agreements and to each of the Trust Agreements.

10. Sage Electric is an "employer" and a "contractor" as those terms are used and understood in the Master Agreements and the Trust Agreements.

11. Sage Electric is an "employer" engaged in "commerce" in an "industry affecting commerce," as those terms are defined and used in sections 501(1) and 501(3) of the LMRA, 29 U.S.C. §§ 142(1) and 142(3), and within the meaning and use of section 301(a) of the LMRA, 29 U.S.C. § 185(a).

12. Sage Electric is an "employer" as defined and used in section 3(5) of ERISA, 29 U.S.C. § 1002(5).

13. Section 515 of ERISA, 29 U.S.C. § 1145, provides that "every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." Sage Electric is an "employer" as that term is used in section 515 of ERISA, 29 U.S.C. § 1145.

14. Sections 429 of ERISA, 29 U.S.C. §§ 1059, provides that "every employer shall … maintain records with respect to each of his employees sufficient to determine the benefits due or which may become due to such employees." Sage Electric is an "employer" as that term is used in section 429 of ERISA, 29 U.S.C. §§ 1059.

## FIRST CLAIM FOR RELIEF

## BREACH OF WRITTEN COLLECTIVE BARGAINING AGREEMENTS, TRUST AGREEMENTS, AND SECTION 515 OF ERISA

15. Plaintiffs hereby refer to, and incorporate herein, paragraphs 1 through 14 above, inclusive of any and all subparagraphs, to the same effect as if set forth verbatim.

///

///

1    16.    By the terms and provisions of the Master Agreements and Trust
2  Agreements, and at all times material herein, Sage Electric agreed, and was obligated, to
3  the following:

4    A.    Prepare and submit true, complete and accurate written monthly
5  contribution reports ("Monthly Reports") to Plaintiffs on a timely basis showing: i) the
6  identities of employees performing work covered by the Master Agreements, ii) the
7  work classification of each of these employees, iii) the number of hours worked by each
8  of these employees, iv) the gross earning paid to each of these employees, and v) based
9  on this information the proper calculation of the fringe benefit contributions, benefits
10  and/or withholdings attributable to the same employees.  These Monthly Reports are
11  due on the 10th day of each successive month.

12    B.    Pay to Plaintiffs fringe benefit contributions, benefits and/or
13  withholdings on a monthly basis, and at specified rates for each hour worked by
14  applicable employees.  These amounts are considered delinquent if not received by
15  Plaintiffs by the 15th of the month succeeding the month in which the work was
16  performed.  These amounts are due and payable at Plaintiffs' administrative offices in
17  Los Angeles, California; and

18    C.    Permit Plaintiffs and their agents to conduct audits of payroll and
19  related records in order to determine if fringe benefit contributions have been properly
20  reported and paid to Plaintiffs pursuant to the Master Agreements and Trust
21  Agreements.

22    17.    Sage Electric submitted Monthly Reports to Plaintiffs for the month of July
23  2016, and admitted to owing Plaintiffs $345,202.10 for fringe benefit contributions.
24  Sage Electric failed to pay these contributions to Plaintiffs.  Sage Electric owes
25  Plaintiffs $345,202.10 for unpaid contributions.  Sage Electric's failure to pay Plaintiffs
26  these fringe benefit contributions is a breach of the Master Agreements, related Trust
27  Agreements, and section 515 of ERISA, 29 U.S.C. § 1145.  Pursuant to section
28  ///

1  502(g)(2)(A) of ERISA, 29 U.S.C. § 1132(g)(2)(A), Plaintiffs are entitled to a judgment
2  for all unpaid contributions owed by Sage Electric.

3      18.    Plaintiffs are informed and believe, and thereon allege, that Sage Electric
4  owes, but has failed to pay additional amounts of fringe benefit contributions to
5  Plaintiffs, not presently known to Plaintiffs, to be established by proof.

6      19.    As of the date of filing this Complaint, Sage Electric is "delinquent," as
7  that term is used in the Master Agreements and/or Trust Agreements.

8      20.    Pursuant to the Master Agreements, Trust Agreements and section
9  502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C), Sage Electric is obligated to pay to
10 Plaintiffs liquidated damages for the detriment caused by the failure of Sage Electric to
11 timely pay fringe benefit contributions.  Sage Electric failed to timely pay Plaintiffs
12 contributions in June 2016, failed to pay Plaintiffs contributions in July 2016, and
13 therefore owes Plaintiffs liquidated damages.  The exact amount of liquidated damages
14 owed by Sage Electric will be established by proof.

15     21.    Pursuant to the Master Agreements and section 502(g)(2)(B) of ERISA, 29
16 U.S.C. § 1132(g)(2)(B), Sage Electric owes Plaintiffs interest on all untimely or unpaid
17 contributions from the dates the sums were originally due to Plaintiffs until paid, or
18 until entry of judgment.  The amount of said interest will be established by proof.

19     22.    By the Master Agreements, Trust Agreement, and section 502(g)(2)(D) of
20 ERISA, 29 U.S.C. § 1132(g)(2)(D), Sage Electric agreed that in the event of any
21 delinquency, it would pay all legal and auditing costs in connection therewith, whether
22 incurred before or after litigation is commenced.  It has been necessary for Plaintiffs to
23 engage legal counsel for the purpose of collecting contributions and damages from Sage
24 Electric, and Plaintiffs are entitled to their reasonable attorneys' fees in connection
25 therewith.  These amounts shall be established by proof.

26     23.    Pursuant to section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2)(E), the
27 Court may grant such other legal or equitable relief as the Court deems appropriate.  As
28 part of Plaintiffs' judgment, Plaintiffs shall also request the Court to:

A.     Order Sage Electric, and its representatives, agents and associates, to provide a full and complete accounting for, and tracing the use of, all unpaid contributions and identify all property, real or personal, tangible or intangible, that are the result, whether in whole or in part, of the use of any unpaid contributions;

B.     Order Sage Electric, and its representatives, agents and associates, to post and deliver either a good faith deposit, or a performance bond issued in favor of Plaintiffs, in an amount determined by the Court to be appropriate;

C.     Order the creation of a constructive trust on all applicable property, and order the transfer of the applicable property to Plaintiffs; and

D.     Order Sage Electric, and its representatives, agents and associates, to pay to Plaintiffs all amounts due Plaintiffs, including, but not limited to, the unpaid contributions, benefits, withholdings, damages, legal fees, audit fees and other expenses and damages incurred.

## SECOND CLAIM FOR RELIEF
## BREACH OF SETTLEMENT AGREEMENT

24.     Plaintiffs hereby refer to, and incorporate herein, paragraphs 1 through 23 above, inclusive of any and all subparagraphs, to the same effect as if set forth verbatim.

25.     On November 5, 2015, Sage Electric and Plaintiffs entered into a written settlement agreement (the "Settlement Agreement"), to resolve a dispute over Sage Electric's failure to pay fringe benefit contributions and related amounts based on Monthly Reports submitted by Sage Electric for August 2015 and September 2015.

26.     The Settlement Agreement required Sage Electric to: (A) submit a down payment and make monthly installments during the time period from November 2015 through November 2016; and (B) pay, in a timely manner, all contributions and all other amounts due Plaintiffs accruing during the term of the installment plan referenced in subparagraph A above.

///

///

27. Sage Electric breached the terms of the Settlement Agreement by failing to timely pay Plaintiffs amounts due based on Sage Electric's June 2016 and July 2016 Monthly Reports. Sage Electric failed to cure its breach within the time provided for in the Settlement Agreement. Sage Electric is in "Default" of the Settlement Agreement, as that term is defined by the Settlement Agreement.

28. Pursuant to the terms of the Settlement Agreement, Sage Electric owes Plaintiffs at least $74,482.05, plus additional interest.

29. The Settlement Agreement provides that if Plaintiffs are required to file a lawsuit to enforce the terms of the Settlement Agreement, Sage Electric is liable for the resulting attorneys' fees and costs incurred by the Plaintiffs.

WHEREFORE, Plaintiffs pray for judgment as follows:

1. For unpaid fringe benefit contributions in amounts as proved;

2. For damages for breach of the Settlement Agreement in amounts as proved;

3. For liquidated damages in amounts as proved;

4. For interest at the applicable rate on all amounts due from their respective due dates until paid;

5. For Plaintiffs' reasonable attorneys' fees in amounts as proved;

6. For costs of suit incurred herein; and

7. For such additional relief as this Court deems just and proper, including, but not limited to, the following:

A. An Order directing Sage Electric, its representatives, agents and associates, to provide a full and complete accounting for, and tracing the use of all unpaid fringe benefit contributions and identify all property, real or personal, tangible or intangible, that are the result, whether in whole or in part, of the use of any unpaid fringe benefit contributions;

///

1          B.    An Order for the creation of a constructive trust on all applicable

2  property, and an Order for the transfer of the applicable property to Plaintiffs; and

3          C.    An Order directing Sage Electric, its representatives, agents and

4  associates, to pay to Plaintiffs all amounts due Plaintiffs, including, but not limited to,

5  the unpaid fringe benefit contributions, benefits, withholdings, damages, legal fees and

6  other expenses and damages incurred.

7

8  Dated: August 23, 2016       LAQUER, URBAN, CLIFFORD & HODGE LLP

9                       By: */S/ - J. Paul Moorhead*

10                         J. Paul Moorhead, Counsel for Plaintiffs,
Trustees of the Trustees of the Southern

11                         California IBEW-NECA Pension Plan, et al.

12

13

14                    **WAIVER OF JURY RIGHT**

15  Dated: August 23, 2016       LAQUER, URBAN, CLIFFORD & HODGE LLP

16                       By: */S/ - J. Paul Moorhead*

17                         J. Paul Moorhead, Counsel for Plaintiffs,
Trustees of the Trustees of the Southern

18                         California IBEW-NECA Pension Plan, et al.

19

20

21

22

23

24

25

26

27

28